IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Quian R. Britford,                :

      Plaintiff,            :   Case No. 2:07-cv-0306

  v.                              :   JUDGE HOLSCHUH

Terry J. Collins, et al.,         :

      Defendants.           :

## REPORT AND RECOMMENDATION

On August 10, 2007, plaintiff, Quian R. Britford, filed a motion for an interlocutory injunction. A responsive memorandum has been filed. For the following reasons, it will be recommended that the motion for injunction relief be denied.

In Mr. Britford's motion, he alleges that a number of things have occurred to him which, in his view, impact his ability to pursue this litigation. They fall generally into the categories of continued disputes between Mr. Britford and the medical staff at his institution over appropriate medical care and disputes with the financial office at his institution over costs incurred in mailing legal documents. There are also a handful of other complaints to which he makes reference. Many of these occurred well before he filed this case, and none of them appear to be ongoing at the present time. The motion which Mr. Britford filed, and the response of the defendants, indicate that he has filed a number of grievances about these matters and has received responses from prison staff.

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are:

(1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. <u>See Washington v. Reno</u>, 35 F.3d 1093 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. <u>In re Delorean Motor Co.</u>, 755 F.2d 1223, 1229 (6th Cir. 1985). With these standards in mind, the Court now reviews the facts of record to determine whether preliminary injunctive relief is appropriate.

Most of the issues raised by Mr. Britford in his motion for injunctive relief do not relate directly to his claims in the complaint. Therefore, the likelihood of his success in the case at hand is not a significant factor. However, he has not demonstrated that he will suffer irreparable injury if injunctive relief is not granted. As noted, most of these instances have already occurred, they appear to be sporadic or isolated, and none of them appears to have had an significant or lasting impact either on his health or on his ability to access the court. No public or private interest would be served by issuing an injunction under these circumstances. Consequently, it is recommended that the motion for injunction relief (#35) be denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u>

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<pre>
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
</pre>