```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Quian R. Britford,              :

      Plaintiff,           :     Case No. 2:07-cv-0306

  v.                            :     Judge HOLSCHUH

Terry J. Collins, et al.,       :

      Defendants.          :

## ORDER

Plaintiff, Quian R. Britford, filed this action alleging that his constitutional rights were violated as a result of multiple refusals on the part of the defendants to provide him with adequate medical care. The case is currently before the Court to resolve Mr. Britford's motion for a default judgment, which was filed on July 18, 2007, and related motions by two defendants, Debra Teare and Robert Washnitzer, for leave to file an answer out of time. For the following reasons, the motion for a default judgment will be denied and the motions for leave to file an answer out of time will be granted.

Mr. Britford's motion for default judgment asks the Court to enter judgment against nine defendants. He asserts that each of the nine failed to answer the complaint. The Court notes that under Fed.R.Civ.P. 55(b)(2), entry of a default judgment against a non-answering defendant is appropriate only after the Clerk has noted that defendant's default on the record. Consequently, Mr. Britford's motion will be construed as a request to the Court to enter the default of the nine defendants for failure to move or plead in response to the complaint.

Mr. Britford correctly asserts that four of the defendants

against whom he has requested a default did not answer the complaint.  Defendants Teare and Washnitzer, who have moved for leave to file a late answer, will be dealt with separately.  Of the other seven defendants named in the motion, five (Defendants Management Training Corporation, Jeff Fisher, John Azzono, John Dragon, and George Doviac) actually filed an answer.  Mr. Britford was not aware of that, however, because it does not appear that copies of those answers were ever mailed to Mr. Britford.  Rather, the certificates of service on the answers simply recite that all parties received notice of the filing of the answer through the Court's electronic filing system.  Mr. Britford, as an incarcerated *pro se* plaintiff, is not permitted to participate in electronic filing and therefore cannot receive copies of pleadings by electronic means.  He has since filed a document indicating that he has not received copies of these pleadings and asking the Court to direct counsel to serve him with copies in the future.  That request is well-taken.  Counsel shall serve Mr. Britford not only with any future filings but with any existing filings which were not served upon him.  However, because those five defendants answered the complaint, it would be improper for the Court to enter their default.

   The remaining two defendants, Michael Braddey and Dr. John Oteng, cannot be found to be in default because they have not properly been served.  The Court's docket reflects that service was attempted on these defendants through the Ohio Department of Rehabilitation and Correction, but that neither defendant is currently employed by that department.  Although the United States Marshal is responsible for making service in this case, Mr. Britford is responsible for providing the Marshal with sufficient information to permit service to be made.  He will be given an extension of time within which to effect service on these two defendants, but because they have not been served,

entering a default against them would also be improper.

Finally, defendants Teare and Washnitzer acknowledge that they did not file a timely answer to the complaint. However, they argue that the Court should extend the time for them to do so. For the following reasons, the Court concludes that such an extension is appropriate.

Fed.R.Civ.P. 6(b) governs requests for extension of time to move or plead in response to a complaint. That rule provides that if the request for an extension is made before the expiration of the original time period, the Court may grant an enlargement with or without motion or notice. However, if the request is made after the expiration of the specified time period, the party requesting an extension must demonstrate that the failure to act was the result of excusable neglect.

In <u>Nafziger v. McDermott Intern</u>, 467 F.3d 514, 522 (6th Cir. 2006), the Court of Appeals identified five factors to be considered in determining whether a party had shown sufficiently excusable neglect to justify an extension of time under Rule 6(b). Those factors are derived from the United States Supreme Court's decision in <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). They include: (1) whether prejudice would result to the non-moving party; (2) the length and impact of the delay on the judicial proceedings; (3) the reason for the delay; (4) whether the delay was in the control of the moving party; and (5) whether the moving party has acted in good faith.

Two separate filings have been made on behalf of defendants Teare and Washnitzer. Those filings recite, and the Court's docket reflects, that these defendants were originally represented by Attorney D. Patrick Kasson of the Reminger & Reminger law firm. Mr. Kasson filed a motion for an extension of time for the defendants to answer, which the Court granted,

making their answer date June 22, 2007.  Subsequently, through Attorney John Mazza, those defendants moved on July 20, 2007 for leave to file an answer *instanter*.  Mr. Mazza also filed a response to the motion for a default judgment on behalf of those defendants, and Mr. Kasson reappeared and filed a similar response as well as a separate motion for leave to file an answer *instanter*.  According to all of these filings, the reason for the delay in submitting an answer for the defendants was the confusion engendered as a result of their change in counsel.  That change was apparently caused by some delay or indecision on the part of the insurance company which is responsible for defending those two defendants.  From a letter attached to one of the filings, the Court concludes that Mr. Mazza believed that Mr. Kasson had actually filed an answer when, in fact, he had filed only a motion for an extension of time to file an answer, and that Mr. Mazza therefore did not tender an answer on behalf of the defendants until somewhat later.  The Court does note that none of the facts presented as excusable neglect have been verified by way of an affidavit or declaration.

    Examining the five Nafziger factors, the Court notes, first, that Mr. Britford will not be prejudiced by the delay.  The delay was less than a month.  Second, as noted, the delay was short and it has not and will not have an adverse impact on the Court's ability to process this case.  The third and fourth factors are somewhat neutral.  The reason for the delay appears to be attributable either to the insurance company or to some confusion between counsel, although the Court's docket sheet, which was available to counsel at all times, would have reflected the true state of affairs, and counsel should have communicated more accurately about whether an answer had been filed.  Thus, the delay was under the control of the moving parties, or at least their attorneys.  However, the fifth factor favors an extension

because there is no indication that these parties acted in bad faith.  Balancing all of these factors, the Court concludes that an extension is appropriate and will therefore grant the motion.  Because the defendants will be granted an extension of time within which to file an answer, it would not be appropriate to enter a default against them.

Based upon the foregoing, the motion of plaintiff for a default judgment (#25), construed as a request for the Court to enter the default of nine separate defendants, is denied.  The separate motions filed by defendants Debra Teare and Robert Washnitzer for leave to file an answer *instanter* (#s 26, 27, and 39) are granted.  Those defendants shall file their answer within ten days of the date of this order.  Further, all counsel are directed to serve Mr. Britford by regular mail, or other non-electronic means, copies of all pleadings filed in this case to date as well as copies of all future pleadings and filings.  Finally, Mr. Britford is granted an extension of time of 90 days within which to effect service on defendants Braddey and Oteng.  He shall, within that time frame, provide the United States Marshal with an address at which each of the defendants may be served.  The failure to do so may result in the dismissal of the claims against those defendants without prejudice.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


<pre>
                          /s/ Terence P. Kemp
                          United States Magistrate Judge
</pre>