IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QUIAN R. BRITFORD, | : | |
| Plaintiff, | : | Case No. 2:07-cv-306 |
| v. | : | Judge Holschuh |
| TERRY J. COLLINS, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

On January 4, 2010, plaintiff Quian R. Britford filed a document entitled "Motion for Reconsideration upon Good Cause Shown." The motion asks the Court to reconsider its order on March 25, 2009, granting certain defendants' motion for summary judgment. Because this motion was not filed within ten days of the final judgment, entered in this case on April 28, 2009, the Court will construe the motion as a motion for relief under Rule 60(b) of the Federal Rules of civil Procedure. Defendant Management Training Corporation has filed a response to the motion. For the following reasons, the motion will be denied.

**I.**

On August 29, 2008, defendant Management & Training Corporation ("MTC") and defendants Blake, Booth, Brunton, Collins, Groft, Erwin, Gantly, Gonzalez-Lockhart, Lawson, Northrup, Roddy, Valentine, Vansickle, and Wessel ("State Defendants") filed motions for summary judgment. The time for filing a memorandum in opposition to the motions expired without a response from Plaintiff. On October 6, 2008, the Magistrate Judge ordered Plaintiff to file a

1

memorandum in opposition within ten days and advised him that the failure to do so could result in the dismissal of the action for failure to prosecute. On October 14, 2008, Plaintiff filed a motion for an extension of time to respond to the motions for summary judgment. On October 16, 2008, the motion was granted and the expiration date was extended to November 16, 2008. On November 14, 2008, Plaintiff filed a motion for judgment on the pleadings and another motion for an extension of time to respond. The Court granted the extension and moved the expiration date to December 31, 2008. However, Plaintiff never filed a response to the motions for summary judgment.

Plaintiff avers that no response could be generated because he was repeatedly denied access to the FCCC Law Library. (Britford Aff. ¶ 2). Specifically, Plaintiff contends that the Franklin County Correctional Commander refused Plaintiff's requests to attend the library because his "civil action law suit wasn't in reference to" challenging his conviction or confinement condition. (Britford Aff. ¶ 2). However, Plaintiff did not mention in any of the motions he filed between October 6, 2008 and December 31, 2008 that he was being denied access to the law library, and he did not request any extension beyond December 31, 2008.

## II.

The relief available under Fed. R. Civ. P. 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980); Williams v. Arn, 654 F.Supp. 241, 246 (N.D.Ohio 1987). A party seeking relief under Rule 60(b) is required to show that its case comes within the provisions of the rule. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b). Generally, Rule 60(b) exists as a mechanism to "balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Weatherford v. Carnes, No. 2:09-cv-581, 2009 WL 3756849, at *2 (S.D. Ohio Nov. 6, 2009)(citing Charter Township of Muskegon v. City of Muskegon, 303 F.3d 755, 760 (6th Cir. 2002)).

### III.

Mr. Britford's motion for relief does not easily fit into any of the first five subsections within Rule 60(b). Therefore, the Court will consider whether Mr. Britford is entitled to relief under Rule 60(b)(6) for "any other reason that justifies relief." "Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" Gordon v. U.S., No. 2:06-cv-00065, 2008 WL 755126, at *2 (S.D. Ohio Mar. 20, 2006)(citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)); see also United States v. Karahalias, 205 F.2d 331, 333 (2d Cir. 1953) (holding that Rule 60(b)(6) may apply in case of extreme and undue hardship). In other words, relief under Rule 60(b)(6) is reserved for the most "unusual and extreme situations where principles of equity *mandate* relief." Olle v.

3

Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

An example of an extreme situation is where a prisoner's fundamental right of access to the courts under the First Amendment has been violated. See, e.g., Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817 (1977). The right of access "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Lewis, 518 U.S. at 355. Alternatively, the right of access requires that prisoners be provided with the tools to challenge their sentences or the conditions of their confinement. Id. Such tools include the means to "adequately prepare and file the necessary legal documents." Eberle v. Wilkinson, No. 2:03-cv-2005 WL 1984435, at *3 (S.D. Ohio Aug. 17, 2005)(citing Bounds, 430 U.S. at 823-24; Johnson v. Hubbard, 698 F.2d 286, 288 (6th Cir. 1983)).

However, the right of prisoners to prepare legal documents is not unrestricted. "Restrictions on the time, place, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional... so long as the restrictions do not unreasonably frustrate the right of access to the courts." Id. (citing Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).

In view of the entire record, it does not appear that Mr. Britford was unconstitutionally restricted from access to the courts by prison officials. Mr. Britford readily exercised his right of access to the courts by filing two motions for an extension of time and a motion for judgment on the pleadings during the time period he was allegedly deprived of access to the law library. See Gordon, 2008 WL 755126, at *3 (noting that documents submitted by the inmate indicate that prison officials provided him with adequate resources to access the courts); Mayes v. Province, No. 09-6160, 2009 WL 3681380, at *4 (10th Cir. Nov. 6, 2009) (noting that filing numerous post-conviction motions

weighed in favor of having access to the courts).  Moreover, he did not mention that he was denied access to the law library in either of his two motions for an extension of time.  On the contrary, his only stated reason for extensions was that his house burned down and certain documents pertinent to this case were destroyed.  Under these circumstances, he simply has not demonstrated the type of exceptional situation which relief under Rule 60(b)(6) is warranted.

**IV.**

Based on the foregoing reasons, Plaintiff's "Motion for Reconsideration Upon Good Cause" (#85) is **DENIED**.

**IT IS SO ORDERED.**


Date:  **March 26, 2010**                                                             **/s/ John D. Holschuh**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　John D. Holschuh, Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court