IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Quian R. Britford,                      :

       Plaintiff,               :        Case No. 2:07-cv-0306

   v.                                   :        JUDGE GEORGE C. SMITH
Terry J. Collins, et al.,              :        Magistrate Judge Kemp

      Defendants.               :

<u>OPINION AND ORDER</u>

On April 8, 2011, plaintiff Quian R. Britford filed a
document entitled "Motion to Reopen/Reconsideration."  The motion
asks the Court to reconsider its order on March 29, 2010, which
denied plaintiff's "Motion for Reconsideration upon Good Cause."
The Court construed the earlier motion as a motion for relief
from judgment under Fed. R. Civ. P. 60(b).  Because that motion
for relief did not appear to fit into any of the first five
subsections within Rule 60(b), the Court analyzed the motion
under Rule 60(b)(6) and determined that Mr. Britford had failed
to demonstrate the type of exceptional circumstances required for
relief under that subsection.  In the present motion, Mr.
Britford disagrees that he failed to show the requisite
exceptional circumstances under Rule 60(b)(6).  His principal
argument, however, is that the Court erred by not analyzing his
earlier motion under Rule 60(b)(1) for "mistake, inadvertence,
surprise, or excusable neglect."

In conjunction with his second motion for reconsideration,
Mr. Britford also filed a "Verified Motion for the Furnishing of
Filed Documents to Litigate Case" on May 10, 2011.  He requests
copies of various Court filings, including his original complaint
(Dkt. # 3), as well as documents 38, 41, 44, 73, 74, and 78, on
the grounds that his copies were destroyed in a house fire on

August 15, 2008.   Mr. Britford now also claims that he did not receive *by certified mail* copies of an unspecified motion for summary judgment and the opinion and order denying his first motion for reconsideration (Dkt. #87).  He does not assert that he never received the order by regular mail and did not allege such a lack of service in his "Motion to Reopen/Reconsideration" (Dkt. #89).

Mr. Britford says that he needs these copies in order to prepare a response to the unspecified summary judgment motion and to rebut the memorandum in opposition to his "Motion to Reopen/Reconsideration."  On June 2, 2011, Mr. Britford filed a motion seeking leave to file a "Supplemental Motion for the Furnishing of Filed Documents to Litigate Case."  He now wants copies of documents 1 through 52 to be provided to him without charge due to the house fire.  In addition, he requests copies of documents 63 through 66 and 73 which he never received because they were returned to the Clerk's office as undeliverable.  Once again, Mr. Britford asserts that the documents are necessary to demonstrate that a genuine issue of material fact exists in order to avoid summary judgment.

Lastly, Mr. Britford has moved for a stay or abeyance of the Rule 60(b) proceedings to afford him an opportunity to obtain the documents which were either destroyed in the house fire or reported as undeliverable.  He maintains that without the documents he has no hope of demonstrating a genuine issue of material fact.  He also contends that the documents would be necessary in any appeal based on the holding set forth in McKinnie v. Roadway Express, Inc., 341 F.3d 554 (6th Cir. 2003).

Defendant Management & Training Corporation ("MTC") filed a brief in opposition to the "Motion to Reopen/Reconsideration" in which it argues that the motion is untimely because it was not filed within a reasonable period or within one year and that the

motion fails to raise any new grounds not considered by the Court
when it denied plaintiff's previous motion for reconsideration.
MTC also filed a brief in opposition which, although directed
specifically to the "Motion for Abeyance/Stay," calls for the
Court to deny as frivolous all of Mr. Britford's pending motions
in their entirety.

I.

    In order to provide a context for the present motions, the
Court will repeat some of the procedural history of this case as
recited in previous orders.  On August 29, 2008, MTC ("MTC") and
defendants Blake, Booth, Brunton, Collins, Groft, Erwin, Gantly,
Gonzalez-Lockhart, Lawson, Northrup, Roddy, Valentine, Vansickle,
and Wessel ("State Defendants") filed motions for summary
judgment.  The time for filing a memorandum in opposition to the
motions expired without a response from Plaintiff.   On October
6, 2008, the Magistrate Judge ordered Plaintiff to file a
memorandum in opposition within ten days and advised him that the
failure to do so could result in the dismissal of the action for
failure to prosecute.  On October 14, 2008, Plaintiff filed a
motion for an extension of time to respond to the motions for
summary judgment.  On October 16, 2008, the motion was granted
and the expiration date was extended to November 16, 2008.  On
November 14, 2008, Plaintiff filed a motion for judgment on the
pleadings and another motion for an extension of time to respond.
The Court granted the extension and moved the expiration date to
December 31, 2008.  However, Plaintiff never filed a response to
the motions for summary judgment.

    On March 25, 2009, the Court granted MTC's motion for
summary judgment in its entirety (Dkt. #78).  The Court also
granted summary judgment to the State Defendants on Mr.
Britford's federal claims and dismissed his state-law claim for
assault and battery without prejudice.  On March 12, 2009, the
Court denied the motion for summary judgment filed by defendants

3

Robert Washnitzer and Debra Teare because they had failed to
serve a copy of their motion on Mr. Britford.  On April 1, 2009,
defendants Washnitzer and Teare again moved for summary judgment
and mailed a copy of that motion to Mr. Britford's last known
address at 703 Lilley Avenue, Columbus, Ohio 43205.  Mr. Britford
failed to respond to their motion within the allowed time period
just as he had failed to respond to the other two summary
judgment motions.  In light of plaintiff's lack of response to
either the summary judgment motion or to the directive that he
provide the Court with a current address (Dkt. #77), the Court
dismissed the case for want of prosecution (Dkt. #81) on April
28, 2009, and entered judgment accordingly (Dkt. #82).  At that
time, the interlocutory judgments rendered in favor of MTC and
the State Defendants on March 25, 2009, became final.

                              II.

     It is also important to point out what the "Motion to
Reopen/Reconsideration" is not.  Rule 60(b) is not a substitute
for an appeal.  GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373
(6th Cir. 2007).  Mr. Britford did not appeal the grant of
summary judgment to MTC and the State Defendants which became
final on April 28, 2009.  He also did not appeal the order (Dkt.
#87) denying the "Motion for Reconsideration Upon Good Cause"
entered on March 29, 2010.  It is not clear whether Mr. Britford
is claiming that he had no actual knowledge of the orders
granting summary judgment to certain defendants and dismissing
his case for failure to prosecute.  It is also unclear whether he
is claiming a lack of actual knowledge of the order denying his
"Motion for Reconsideration upon Good Cause Shown."  What is
clear, however, is that in each instance, the Clerk mailed a copy
of the order to Mr. Britford at his last known address in
compliance with Fed. R. Civ. P. 77(d)(1).  At that point, service
of the order was complete.  See Fed. R. Civ. P. 5(b)(2)(C).
There is no requirement that a party be served by certified mail

                               4

as Mr. Britford seems to suggest.

III.

The relief available under Fed. R. Civ. P. 60(b) "is
extraordinary and may be granted only upon a showing of
exceptional circumstances." Stotts v. Memphis Fire Dept., 679
F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S.
561 (1984).  Whether to grant Rule 60(b) relief is within the
district court's discretion.  Marshall v. Monroe & Sons, Inc.,
615 F.2d 1156, 1160 (6th Cir. 1980); Williams v. Arn, 654 F.Supp.
241, 246 (N.D.Ohio 1987).  A party seeking relief under Rule
60(b) is required to show that its case comes within the
provisions of the rule.  Lewis v. Alexander, 987 F.2d 392, 396
(6th Cir. 1993).  Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just,
> the court may relieve a party or a party's
> legal representative from a final judgment,
> order, or proceeding for the following
> reasons: (1) mistake, inadvertence, surprise,
> or excusable neglect; (2) newly discovered
> evidence which by due diligence could not
> have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud,
> misrepresentation, or other misconduct of an
> adverse party; (4) the judgment is void; (5)
> the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it
> is based has been reversed or otherwise
> vacated, or it is no longer equitable that
> the judgment should have prospective
> application; or (6) any other reason
> justifying relief from the operation of
> judgment.

Fed.R.Civ.P. 60(b).  Generally, Rule 60(b) exists as a mechanism
to "balance between the conflicting principles that litigation
must be brought to an end and that justice must be done."
Weatherford v. Carnes, 2009 WL 3756849, at *2 (S.D. Ohio Nov. 6,
2009)(citing Charter Township of Muskegon v. City of Muskegon,

5

303 F.3d 755, 760 (6th Cir. 2002)).

                                    IV.

     Motions for relief from judgment based on excusable neglect
or inadvertence are supposed to be made within "a reasonable time
... no more than a year after the entry of the judgment or
order." Fed. R. Civ. P. 60( c)(1).  This time limit may or may
not be jurisdictional.  Compare Marcelli v. Walker, 313 Fed.Appx.
839, 841 (6th Cir. 2009)(time limit as it relates to motions
under Rule 60(b)(1), (2), and (3) is jurisdictional) with Willis
v. Jones, 329 Fed.Appx. 7, 14 (6th Cir. 2009)(time limit is an
affirmative defense, not a jurisdictional bar).  In this case,
however, MTC has raised plaintiff's failure to file his Rule
60(b)(1) motion within one year as an affirmative defense.
Therefore, if the Court determines that Mr. Britford did not file
his Rule 60(b)(1) motion within one year of the judgment or
order, it must be denied as untimely.

     The Court denied the "Motion for Reconsideration Upon Good
Cause" on March 29, 2010.  Mr. Britford did not file the "Motion
to Reopen/Reconsideration" until April 8, 2011, which was more
than one year later.  Under this scenario, the motion is clearly
untimely and must be denied.  Mr. Britford, however, is
challenging the Court's treatment of the "Motion for
Reconsideration Upon Good Cause" as a Rule 60(b)(6) motion
instead of a Rule 60(b)(1) motion.  Because that motion was filed
within one year of the order and judgment entered on April 28,
2009, which dismissed his case for want of prosecution, Mr.
Britford may be arguing that the time bar in Rule 60(c)(1) does
not apply.  In an abundance of caution, the Court will evaluate
whether he might have been entitled to relief had his motion been
considered under Rule 60(b)(1).

     Mr. Britford argues that the burning down of his house
established excusable neglect and/or inadvertence for purposes of
relief under Rule 60(b)(1).  In denying the "Motion for

                                   6

Reconsideration Upon Good Cause," the Court considered whether the destruction of certain documents in the plaintiff's house fire constituted exceptional or extraordinary circumstances in the context of relief under Rule 60(b)(6). It concluded that destruction of the documents did not satisfy the requirements for relief from judgment. The Court now determines for the following reasons that such destruction likewise does not justify relief under Rule 60(b)(1).

This case was not dismissed due to the fact that plaintiff's house burned down or that he had no access to certain documents. The Court entered the judgment of dismissal when Mr. Britford failed to respond to the motion for summary judgment filed by defendants Washnitzer and Teare and to the Magistrate Judge's order that he provide a current address. Furthermore, the dismissal occurred after the Court already had entered summary judgment in favor of MTC and the State Defendants and after Mr. Britford had been granted two extensions of time to respond to the summary judgment motions filed by those defendants. Dismissal is appropriate where the plaintiff engages in a clear pattern of delay such as occurred in this case. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)(appellant's failure to pursue his case despite two extensions of time was unwarranted and justified district court's dismissal of his case).

Mr. Britford was aware that summary judgment motions were pending and that he was under an obligation to keep the Court apprised of his current address. The fact that he is a *pro se* litigant may justify a more lenient pleading standard, but does not entitle him to ignore easily understood deadlines imposed by the Court. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). He could not simply assume that the Court and the other parties knew his address had changed as the result of the house fire, but rather had an affirmative duty to advise them of any

change of address.  <u>Taylor v. Warren County Regional Jail</u>, 960 F.2d 150 (table), 1992 WL 76938 at *2 (6th Cir. Apr. 13, 1992).

Mr. Britford's remaining motions are predicated on his supposed need to adduce genuine issues of material fact sufficient to avoid summary judgment.  The summary judgments granted to MTC and the State Defendants, however, have long been final.  The record is clear that the Court did not grant these defendants' summary judgment motions on the basis of plaintiff's default, but reached its decision on the merits.  <u>See</u> <u>Bennett v. Dr. Pepper/Seven Up, Inc.</u>, 295 F.3d 805, 809 (8th Cir. 2002).  Accordingly, neither the stay nor the copies he is seeking will change that result.  To that extent, Mr. Britford's reliance on <u>McKinnie</u> is misplaced.  There is no reason to believe that MTC and the State Defendants failed to serve plaintiff with copies of their motions in accordance with the applicable civil rules or that Mr. Britford was unaware of the pendency of those motions.  Lastly, if Mr. Britford believes he still has viable claims against defendants Washnitzer and Teare, he must pursue them, if at all, in a different proceeding.

V.

Based on the foregoing reasons, Plaintiff's "Motion to Reopen/Reconsideration" (Dkt. #89) is DENIED.  The "Verified Motion for the Furnishing of Filed Documents to Litigate Case" (Dkt. #94), the "Motion for Abeyance/Stay (Dkt. #96), and the "Motion for Leave to File a Supplemental Motion for the Furnishing of Filed Documents to Litigate Case" (Dkt. #98) are also DENIED.

 /S/ George C. Smith

George C. Smith, Judge

United States District Court